UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TACUMA J. MWANZA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>DEPUTY DIRECTOR FOSTER et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:14-cv-00331-MMD-WGC<br><br>ORDER |

**I.    DISCUSSION**

On July 22, 2014, this Court issued a screening order on Plaintiff's prisoner civil rights complaint and stayed the case for 90 days to allow the parties to engage in informal settlement discussions. (Dkt. nos. 5, 7.) On August 25, 2014, Plaintiff filed a motion for leave to add counts to his civil complaint and then attached the pages that he wanted to add to his original complaint. (Dkt. no. 9.) On August 27, 2014, the Office of the Attorney General, who previously entered a limited notice of appearance for the purposes of settlement, filed an opposition to the motion to amend the complaint because the case had been stayed. (Dkt. no. 8, 10.)

The Court now grants Plaintiff's motion for leave to add counts to his civil complaint. However, the Court notes that Plaintiff must file a complete amended complaint if he chooses to amend his complaint. The Court shall not piecemeal his complaint together.

The Court grants Plaintiff leave to file an amended complaint. When Plaintiff files his amended complaint he is advised that an amended complaint supersedes the

original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that Plaintiff shall file the amended complaint within thirty (30) days from the date of entry of this order. If Plaintiff does not file an amended complaint, this action will proceed on the original complaint (dkt. no. 6) and this Court's July 22, 2014, screening order (dkt. no. 5).

The Court now vacates its July 22, 2014 screening order (dkt. no. 5) and vacates the 90-day stay. Defendants' notice of limited appearance for the purposes of settlement (dkt. no. 8) is now vacated. After Plaintiff files his amended complaint, the Court will enter a subsequent screening order determining whether the Office of the Attorney General will need to enter a limited notice of appearance for purposes of settlement.

**II.   CONCLUSION**

For the foregoing reasons, it is ordered that the motion for leave to file an amended complaint (dkt. no. 9) is granted.

It is further ordered that Plaintiff shall file the amended complaint within thirty (30) days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original complaint (dkt. no. 6), and a copy of the counts he seeks to add (dkt. no. 9). When

Plaintiff files his amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that if Plaintiff does not file an amended complaint within thirty (30) days of the date of this order, this action shall proceed on the original complaint and the Court's original screening order dated July 22, 2014.

It is further ordered that the Clerk of the Court shall vacate this Court's July 22, 2014, screening order (dkt. no. 5).

It is further ordered that the 90-day stay is vacated and that the Office of the Attorney General's limited notice of appearance for the purposes of settlement is vacated (dkt. no. 8).

It is further ordered that, upon screening of the amended complaint, the Court shall enter a subsequent screening order determining whether the Office of the Attorney General will need to enter a limited notice of appearance for the purposes of settlement.

DATED THIS 28th day of August, 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE