UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TACUMA J. MWANZA. | ) | 3:14-cv-00331-MMD-WGC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | **re: Doc. # 39** |
| FOSTER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 39).[1] Defendants have responded and have opposed Plaintiff's Motion. (Doc. # 40.) For the reasons explained in this order, Plaintiff's motion is denied, albeit without prejudice.

## I.  BACKGROUND

The court previously granted Plaintiff leave to amend or correct his complaint (Doc. # 11) and Plaintiff's amended complaint was accepted by the court (Doc. # 12). An earlier screening order on Plaintiff's initial complaint (Doc. # 6) was vacated and a new screening order was entered allowing Counts I, II, III and IV of Plaintiff's amended complaint to proceed (Doc. # 18).

After an unsuccessful mediation of Plaintiff's action, the court granted Plaintiff's IFP application (Doc. # 26). The appearing defendants addressed Plaintiff's amended complaint with a motion to dismiss (Doc. # 34). Plaintiff responded to Defendants' motion to dismiss (Doc. # 36) and Defendants have replied (Doc. # 37). In addition to opposing Defendants' motion to dismiss, it appears by this separate motion to amend (Doc. # 39) that Plaintiff is attempting to further respond to Defendants argument that

---

[1] Refers to court's docket number.

Plaintiff's amended complaint fails to state a claim upon which relief can be granted by somehow correcting the deficiencies in his pleading via another amendment.

## II. ANALYSIS

As stated above, Plaintiff's motion (Doc. # 39) appears to be an attempt by Plaintiff to correct a shortcoming in Plaintiff's amended complaint by amending his action "To Include more or Different Facts 'SPECIFICALLY' in relations (sic) to both Counts> I, II." *Id*., at 2. Defendants argue that "Plaintiff has apparently admitted that Defendants' motion to dismiss (Doc. # 34) has merit as regards Counts I and II." (Doc. # 40 at 4.)[2]

However, Plaintiff has not submitted a proposed amended complaint in order to allow the court to evaluate whether there is any merit to the amendment Plaintiff desires to effect (for whatever purpose). Local Rule 15-1(a) provides as follows:

> Unless otherwise permitted by the Court, the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to in such pleading.

Plaintiff's failure to comply with this rule makes it impossible for the court to evaluate whether any "deficiency" in Plaintiff's amended complaint might be corrected via an amended complaint. Defendants accurately note that Plaintiff's failure to submit a proposed second amended complaint "makes a substantive *Response* impossible." (Doc. # 40 at 5; italics in the original.) This consideration is particularly important because if leave were to be granted, and if an amended complaint were to be filed, then Defendants' motion to dismiss (Doc. #34) would be mooted by reason of the amendment.

This is not to say necessarily that the submission of an amended complaint will be granted, as a motion to amend might be denied if it is apparent the proposed amended complaint cannot withstand a motion to dismiss under Rule 12(b)(6).[3] In that regard, the court anticipates the Defendants might argue that Plaintiff's proposed amended complaint when and if submitted, suffers from the same infirmities

---

[2] Defendants add that Plaintiff in his response to Defendants' motion to dismiss (Doc. # 36) sought a dismissal of Count IV of his amended complaint. (Doc. # 40 at 4.)

[3] Plaintiff states he has an "absolute right to amend the complaint." Doc # 39 at 2. Plaintiff is mistaken. Once an opposing party has filed either a responsive pleading or a Rule 12(b) motion, as herein, either consent of the opposing party or leave to amend must be obtained to be able to file an amended complaint. Fed. R. Civ. P. 15(a)(1)(B) and (a)(2).

2

as does the pending first amended complaint. If that assessment is accurate, then an amendment should not be permitted. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). But the court cannot make any determination unless and until it has before it the proposed amended complaint Plaintiff desires to pursue.

Therefore, Plaintiff's motion (Doc. #39) is **DENIED WITHOUT PREJUDICE.** Plaintiff is granted until **Friday, August 14, 2015,** to renew the motion to amend. The court will consider a renewed motion in due course (a) if Plaintiff submits a proposed amended complaint with a motion to amend (which proposed amended complaint, as noted above, must be complete in and of itself); and (b) if Plaintiff explains in his motion precisely how his proposed amended complaint would cure or resolve any of the "deficiencies."[4]

**IT IS SO ORDERED.**

DATED: July 27, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[4] Although the issue is not presently before the court, if Plaintiff does re-submit a properly supported motion to amend, the Defendants should voice any substantive opposition they may have in relation to the proposed amendments and whether the amendment cures any of the deficiencies of the First Amended Complaint which Defendants have argued in their motion to dismiss so the court can consider all of the issues in a unified fashion. If the court were to grant a motion to amend, the court will not, as Defendants suggest, thereupon undertake another screening of the amended complaint only to have Defendants (as they have already done in this matter) submit another motion to dismiss (under Rule 12(b)) on an amended pleading which was screened under the 12(b) standard.