1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## DISTRICT OF NEVADA

8
9

| | | |
|---|---|---|
| TACUMA J. MWANZA. | ) | 3:14-cv-00331-MMD-WGC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| FOSTER, et al., | ) ) ) | **re: Doc. ## 34, 42, 43** |
| Defendants. | ) ) | |

10
11
12
13
14

15      Before the court are Plaintiff's Motion for Leave to File a Second Amended Complaint and to

16  Add Pages (Doc. # 42),[1] Defendants' Motion for Mandatory Screening of Plaintiff's Proposed Second

17  Amended Complaint (Doc. # 43), and as a result of this court's disposition of Doc. ## 42 and 43 in this

18  order, Defendants' Motion to Dismiss (Doc. # 34).

19                                    **BACKGROUND**

20      On January 20, 2015, District Judge Miranda M. Du undertook a comprehensive review of

21  Plaintiff's proposed first amended complaint. (Screening Order, Doc. # 18.) After thoroughly analyzing

22  all of Plaintiff's causes of action, Plaintiff's "due process" counts in particular (Counts I and II, Doc.

23  # 18 at 3-8), Judge Du allowed Plaintiff's first amended complaint to proceed.

24      Following an unsuccessful mediation of Plaintiff's action (Doc. # 24), Defendants Baker, Byrnes,

25  Collard, Fletcher, Foster, Gittere, Gregerson, Herring, Hunt, Nevens, Oxborrow, Panozzo and Sandoval

26  moved to dismiss Plaintiff's first amended complaint. (Doc. # 34.) All of the moving defendants were

27  those for whom the Office of the Attorney General had previously accepted service (Doc. # 27,) with

28

---

[1]  Refers to court's docket number.

1    the exception of Defendant Bothe for whom service was not accepted. (Doc. # 43 at 2, n.1.)  Plaintiff

2    responded to Defendants' motion to dismiss (Doc. # 36) and Defendants replied. (Doc. # 37.)[2]

3         After the motion to dismiss was briefed, Plaintiff filed a Motion for Leave to File an Amended

4    Complaint. (Doc. # 39.) Plaintiff's motion stated his amendment would include certain additional facts

5    to clarify his due process allegations in Counts I and II.  In response, Defendants argued, *inter alia*, that

6    Plaintiff's motion constituted an admission that Defendants' motion to dismiss "has merit as regards

7    Counts I and II." (Doc. # 40 at 4.)  In addition to asserting Plaintiff's motion failed to attach a proposed

8    amended complaint (which, Defendants argue, 0made "a substantive response impossible" (*id*., at 5)),

9    Defendants noted that earlier in the case Plaintiff in his response to Defendants' motion to dismiss (Doc.

10   # 36) sought a voluntary dismissal of Count IV of his amended complaint. (Doc. # 40 at 4.)[3]

11        The court denied Plaintiff's motion to amend (Doc. # 39), primarily because Plaintiff did not

12   comply with L.R. 15-1(a) which requires a motion to amend to be accompanied by a proposed amended

13   pleading which is complete in itself. (Doc. # 41 at 2.)[4] The court allowed Plaintiff until August 14, 2015,

14   to renew the motion to amend. (*Id.*, at 3.) The court cautioned, however, that allowing the Plaintiff to

15   file another motion to amend was

> 16     ...not to say necessarily that the submission of an amended complaint will be granted, as
> a motion to amend might be denied if it is apparent the proposed amended complaint
> 17     cannot withstand a motion to dismiss under Rule 12(b)(6).  In that regard, the court
> anticipates the Defendants might argue that Plaintiff's proposed amended complaint
> 18     when and if submitted, suffers from the same infirmities as does the pending first
> amended complaint.  If that assessment is accurate, then an amendment should not be
> 19     permitted.  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).
> But the court cannot make any determination unless and until it has before it the
> 20     proposed amended complaint Plaintiff desires to pursue.

21   (*Id.*, at 2-3.)

22        Plaintiff filed a subsequent motion to amend which included a proposed second amended

23   complaint. (Doc. ## 42, 42-1.) Plaintiff's proposed second amended complaint asserted claims against

---

24

25        [2] Although characterized as a motion to dismiss Plaintiff's first amended complaint, Defendants have subsequently noted the motion "was misnamed" and should have been entitled a "*Partial Motion to Dismiss*," as Count III of Plaintiff's

26   *Complaint* (Doc. # 12) was not targeted." (Doc. # 43 at 4, n. 2; emphasis in the original.)

        [3] Plaintiff's proposed second amended complaint omits Count IV of the first amended complaint.

27

        [4] An amended complaint supersedes the original complaint and thus the amended complaint must be complete in

28   itself.  *Hai Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

all of the defendants identified in his first amended complaint; no new defendants were added. (Doc. # 42-1.) The proposed second amended complaint in substance realleges Counts I and II, i.e., the same two due process causes of action which appeared in the first amended complaint which were allowed to proceed under Judge Du's screening order. (Doc. # 18.) The allegations in Count III regarding Plaintiff being "strip searched" and appearing naked before female correctional officers, which were allowed to proceed under the initial screening order (Doc. # 18 at 8-9) and were not challenged by the Defendants in their motion to dismiss, were again included in the proposed second amended complaint.[5]  As noted above, Plaintiff has not included the averments appearing in Count IV of the first amended complaint in his proposed second amended complaint.

Without embarking upon a detailed analysis of the averments in Counts I and II of the proposed second amended complaint (Doc. # 42-1), these allegations generally parallel those causes of action in the first amended complaint, albeit in somewhat greater detail, apparently in an attempt to overcome the argument by Defendants in their motion to dismiss as to the sufficiency of the allegations.  Plaintiff described his proposed second amended complaint as follows: "Plaintiff request (sic) leave from this Honorable Court to be able to Amend Plaintiff's Civil Rights Complaint to Include more or Different facts 'SPECIFICALLY' in relations (sic) to both Count<s> I, II." (Doc # 39 at 2; see also Doc. # 42.) The Defendants have noted the marked similarity between the first amended complaint and the proposed second amended complaint:

> Plaintiff also attached thereto his proposed Second Amended Complaint (Doc. #42-1). Therein, Plaintiff removed Count IV, maintained Count III, and *added a few new allegations pertinent to Counts I and II*—namely, the distinction between disciplinary segregation and general population confinement at ESP (to afford allegations of fact regarding a "significant and atypical hardship, i.e., liberty interest, thereto). Cf. Doc. #42-1 at 13:18 – 15:12.

(Doc. # 43 at 5-6; emphasis added.)  It would be these "few new allegations" in Counts I and II which Defendants contend requires Plaintiff's proposed second amended complaint to be screened, which the court will address next.

---

[5] Defendants' motion for mandatory screening did not seek re-screening of Count III of the second amended complaint. (Doc. # 43 at 11.) Therefore, regardless of the disposition of Defendants' motion to dismiss (Doc # 34) or Defendants' motion for mandatory screening (Doc. # 43), Count III will continue either under the first amended complaint (Doc. # 12) or the proposed second amended complaint (Doc. # 42-1).

**DOC. # 43**
**DEFENDANTS' MOTION FOR MANDATORY**
**SCREENING OF PROPOSED SECOND AMENDED COMPLAINT**

When denying without prejudice Plaintiff's motion to amend, this court stated that if Plaintiff filed a properly supported motion to amend that Defendants should submit a substantive response. The court's order stated:

> Although the issue is not presently before the court, if Plaintiff does re-submit a properly supported motion to amend, the Defendants should voice any substantive opposition they may have in relation to the proposed amendments and whether the amendment cures any of the deficiencies of the First Amended Complaint which Defendants have argued in their motion to dismiss so the court can consider all of the issues in a unified fashion. If the court were to grant a motion to amend, the court will not, as Defendants suggest, thereupon undertake another screening of the amended complaint only to have Defendants (as they have already done in this matter) submit another motion to dismiss (under Rule 12(b)) on an amended pleading which was screened under the 12(b) standard.

(Doc. # 41 at 3, n. 4.)

Instead of filing a response to Plaintiff's motion to amend as this court directed, Defendants submitted a motion insisting that the court *must* undertake a mandatory screening of Plaintiff's proposed second amended complaint. (Doc. # 43 at 6.)  As authority, Defendants primarily rely on an order issued by Judge Du in *Olausen v. Murguia*, No. 3-13-cv-00388-MMD-VPC (Doc. # 96, 11/14/2014) ("*Olausen*").

The history of *Olausen* is markedly similar to the instant matter. Olausen's complaint was screened on October 7, 2013. (*Olausen*, Doc. # 3.) Post-screening, the defendants, as herein, did *not* answer but filed a motion to dismiss/motion for summary judgment. (*Olausen*, Doc. # 31.) On September 3, 2014, plaintiff Olausen filed a motion for leave to file an amended complaint. (*Olausen*, Doc. # 73.) After a stay was imposed to allow the parties to again engage in settlement  negotiations (which were unsuccessful), Judge Cooke set a deadline of October 17, 2014, for defendants "to file an opposition to plaintiff's motion to amend complaint." (*Olausen*, Doc. # 86 at 2.)  Instead, defendants filed a non-opposition to the motion to amend (*Olausen*, Doc. # 87) and simultaneously filed a motion to stay proceedings pending the court's *mandatory* screening of the proposed amended complaint. (*Olausen*, Doc. # 88.)

///

1    Judge Cooke denied the defendants' motion, finding there was no obligation of the court to

2    screen the plaintiff's proposed amended complaint and that the court's decision to screen, if any, would

3    be discretionary. Judge Cooke's order stated:

4        Rather than file an opposition to the motion, defendants filed a motion for further stay
         of proceedings and *instructing this court that it is required to conduct a second screening
5        *of this action* (#88). At this stage of the case, the court will not screen plaintiff's amended
         complaint, nor is it mandated to do so. The court has reviewed the defendants' citations
6        to unpublished opinions in other districts which were cited by the deputy attorney general
         in support of the proposition that the court is required to screen amended § 1983
7        complaints. *While a court may elect to rescreen an amended complaint, it is not
         mandated by statute as the Attorney General suggests*. This is at least the third instance
8        that the Office of the Attorney General has told the court that it is required to screen an
         amended complaint in a case that was initially screened and filed years prior to the
9        amended complaint.

10   (*Olausen*, Doc. # 89 at 1; emphasis added.)  Judge Cooke's order also provided that defendants were to

11   file an opposition to the motion to amend by October 22, 2014 (*id.*, at 2; see also, order Doc. # 86 at 2);

12   otherwise, the court stated, plaintiff's motion to amend would be granted as unopposed. (*Id.*)

13   Defendants instead chose to file an objection to Judge Cooke's order, arguing to District Judge

14   Du that "*all* inmate complaints, including amended complaints, are subject to *mandatory screening*."

15   (*Olausen*, Doc. # 91 at 10; emphasis added.) Defendants stated in their objection:

16

17       Defendants object to the Magistrate Judge's ruling that the screening of an inmate's
         § 1983 amended complaint against government entities/employees is never subject to
18       mandatory screening after a previous inmate-complaint has undergone screening in the
         same civil action—that all further screenings are discretionary.

19       Respectfully, *this ruling is, as a matter of law, incorrect*. Pursuant to federal law, there
         is no such judicial discretion in this context: *all inmate-pled complaints, including
20       amended complaints, must undergo judicial screening*.

21   (*Olausen*, Doc. # 91 at 4; emphasis added.)

22   District Judge Du subsequently sustained Judge Cooke's decision that the proposed amended

23   complaint was not subject to mandatory screening.  The court thus overruled defendants' contention the

24   Prison Litigation Reform Act ("PLRA"), including 28 U.S.C. § 1915 A, 28 U.S.C. § 1915(e)(2)(B) and

25   42 U.S.C. § 1997e(c)(1), required compulsory judicial screening of every proposed inmate amended civil

26   rights complaint.  (*Olausen*, Doc. # 96 at 1, 3.)

27   ///

28   ///

5

1

### Analysis of Motion for Mandatory Screening

2      At first blush, it would appear Judge Du's consideration and rejection of the three grounds

3 asserted by the defendants for mandatory screening in *Olausen* would be dispositive of Defendants'

4 insistence on mandatory screening in this action. However, Judge Du's decision in *Olausen* characterized

5 the mandatory screening issue in the context of "*post-answer* screening." The Defendants in this matter

6 argue that because they have not filed an answer, Judge Du's order in *Olausen* therefore requires

7 screening of the proposed second amended complaint. (Doc. # 43.)[6]

8      The record in *Olausen* reflects that when plaintiff filed his motion to amend, defendants had not

9 yet answered but instead had filed various motions.[7] Regardless, while Judge Du's order addressed the

10 issue from the perspective of whether screening on a proposed amended complaint was required after

11 the defendants had "answered," that characterization does not materially impact this court's

12 interpretation of the PLRA statutes of whether screening of *any* subsequent pre-answer proposed

13 amended complaint in inmate civil rights litigation is mandatory.

14      This court is not going to examine and review the three statutes Defendants asserted in their

15 motion, which statutes Judge Du already comprehensively analyzed in her order overruling defendants'

16 objections in *Olausen.* Instead, this court will focus on why Judge Du's rationale, regardless of whether

17 Defendants had or had not answered, governs the instant matter. In that regard, although Judge Du did

18 refer to post-answer screening, Judge Du also rejected the defendants' argument in *Olausen* that

19 mandatory screening of any and all proposed amended complaints must be undertaken by the court:

20           Defendants fail to cite to any case where a court has construed § 1915(e)(2)(B) to require
          court screening of every proposed amended complaint filed after service of process and
21           defendant's *response.*

22 (*Olausen*, Doc. # 96 at 4, emphasis added.)

23      Additionally, Judge Du rejected defendants' arguments that *Lopez v. Smith*, 203 F.3d 1122 (9th

24 Cir. 2000), stands for the proposition all three cited statutes mandated post-answer screening. Judge Du

25

---

26     [6] An important observation is that the defendants' motion in *Olausen* did not assert in their motion for mandatory
screening that only *pre-answer* proposed amended complaints must be screened; instead, defendants argued *every* proposed
27 amended complaint, irrespective of when filed, must be screened. (*Olausen*, Doc. # 91.)

28     [7] In fact, no answer has yet been filed in *Olausen*.

1    continued:

2        The [*Lopez*] court found that the *in forma pauperis* statute does not deprive courts the
         "traditional discretion to grant leave to amend." *Lopez*, 203 F.3d at 1127. The court
3        started its analysis with the observation that the "PLRA contains several provisions that
         require district courts to screen lawsuits filed by prisoners and to dismiss those suits sua
4        sponte under certain circumstances." *Id.* at 1126. But in reviewing these statutory
         mandates, the [*Lopez*] court did *not* find that district courts are *mandated* to re-screen a
5        proposed amended complaint after a defendant has *responded*.

6    (*Olausen*, Doc. # 96 at 4, n. 1; emphasis added.)

7        Judge Du further addressed § 1915(e)(2)(B) relative to screening as follows:

8        Just because a court has authority to dismiss the case at any time does not mean it is
         compelled to re-screen every proposed amended complaint filed after the initial pre-
9        answer screening. Defendants fail to cite to any case where a court has construed
         § 1915(e)(2)(B) to require court screening of every proposed amended complaint filed
10       after service of process and defendant's *response*.

11   (*Olausen*, Doc. # 96 at 4; emphasis added.)[8]

12       Judge Du also discussed the rationale behind the screening statutes, which is to require *early*

13   screening of complaints: "Thus, compulsory re-screening of plaintiff's proposed amended complaint

14   would not serve to dispose of claims *early*." (*Olausen*, Doc. # 96 at 4; emphasis added.)

15       Judge Du further concluded that the § 1915A(a) screening requirements similarly "[d]o not

16   require a court either explicitly or implicitly, to screen every time a plaintiff seeks to amend the

17   complaint." In so stating, the court discussed the intent and clear language of § 1915A(a), which, again,

18   is to effect screening *early* in the case: "before docketing, if feasible, or in any event, as soon as

19   practicable after docketing." (*Olausen*, Doc. # 96 at 5-6, citing *Jones v. Bock*, 549 U.S. 199, 202 (2007).

20       Defendants in this matter quote certain language from Judge Du's order in *Olausen* which

21   Defendants suggest screening of the proposed second amended complaint is mandatory:

22       To clarify, courts in this district screen prisoners' proposed amended complaints at the
         ***pre-answer stage***. In cases where the court dismisses the initial complaint with leave to
23       amend, the court would then screen the ***proposed amended complaint*** to determine what
         claims may proceed and whether a defendant is compelled to respond.
24
         *Olausen v. Murguia*, No. 3:13-cv-00388-MMD-VPC, Doc. #96 at 8 (Nov. 12, 2014)
25       Order (emphases added)).

26   (Doc. # 43 at 6; emphasis in the original.)

27   _____

28       [8] Note Judge Du's frequent utilization of the procedural event as whether a party had "responded" and did not
     necessarily limit the triggering event to whether the defendant "answered."

What the Defendants failed to note in Judge Du's wording which they quote was that re-screening of a proposed amended complaint would proceed "in cases where the court *dismisses* the initial complaint with *leave to amend*." (*Id.*; emphasis added.) The re-screening of which Judge Du spoke occurs where the initial complaint is dismissed, but with leave to amend being granted to allow an inmate plaintiff to cure the deficiencies of his allegations. A proposed amended complaint filed by the inmate to overcome the deficiencies of his initial allegations (on which the dismissal was based) would then be screened. This was the process Judge Du was describing in her order, which complies with the "early screening" required by § 1915A(a). In accord, *Jones*, 549 U.S. at 202, and *O'Neal v. Price*, 530 F.3d 1146, 1153 (9th Cir. 2008), "noting that Congress' intent in adopting the screening provisions of the PLRA was to 'conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an *early* stage.'" (*Olausen*, Doc. # 96 at 6; emphasis added.)

The defendants' insistence on re-screening of plaintiff's proposed amended complaint in *Olausen* came approximately thirteen months after the complaint was filed (7/13/13 - 10/17/14) and after it had been screened and claims had been allowed to proceed. In the instant matter, the motion for mandatory screening comes fourteen months after the action was commenced (6/20/14 - 8/21/15) and after Plaintiff's first amended complaint was screened (Doc. # 18, 1/20/15). Screening of Plaintiff's proposed second amended complaint at this time would *not* serve to dispose of the claim "early" – which is the clear intent of the screening statutes.

Any screening at this stage would also not necessarily result in a dismissal of any "non-meritorious prisoner complaints." In that regard, Judge Du has already concluded that Counts I, II and III of Plaintiff's first amended complaint (Doc. # 12) would be allowed to proceed. (Doc. # 18 at 12.) Thus, as noted above, even if this court were to negatively screen Plaintiff's proposed second amended complaint, or deny him leave to amend, the case would continue against the defendants under substantially similar allegations in the first amended complaint.

Similarly, this is exactly what Judge Du noted might be the outcome in *Olausen* even if the court embraced defendants' mandatory re-screening argument:

> If, as Defendants argue, the Court is required to rescreen Plaintiff's proposed amended complaint, and if the Court finds that it fails to state a claim, Plaintiff may still proceed with the two claims that survived the Court's pre-answer screening of his initial

8

1   Complaint. Plaintiff's *in forma pauperis* status would not be affected by the Court's
2   denial of his Motion to Amend. Thus, compulsory court rescreening of Plaintiff's
    proposed amended complaint would not serve to dispose of claims early.

3   (*Olausen*, Doc. # 96 at 5.)

4   Accordingly, screening Plaintiff's proposed second amended complaint in this matter – at this

5   stage – would serve no legitimate PLRA purpose any more than screening would have accomplished in

6   *Olausen*.

7   Defendants' objection in *Olausen* also argued Local Rule 7-2(a)-(b) does not provide an efficient

8   mechanism to resolve an inmate's motion to amend. Defendants contended the requirements of this local

9   rule, i.e., that a party must respond to a motion, including inmate motions to amend should be

10  "disavowed" because it "muddies up the amended pleading process" in inmate litigation. Defendants'

11  motion stated:

12
13  Filing oppositions to motions for leave to amend complaints pursuant to local rule,
    specifically LR 7-2(a)-(b), muddies up the amended pleading process. It is far cleaner to
    have the defendants respond to a court-approved amended complaint than to marshal
14  limited Rule 12(b) arguments for only those defendants who have already appeared in the
    lawsuit. Opposing motions for leave to amend is an inelegant and cumbersome process;
15  this Court should retire such oppositions in the amended pleading context to better
    comply with Rule 15. Indeed, this Court can, in prisoner- litigation, disavow LR 7-2(a)-
16  (b).

17  (*Olausen*, Doc. # 91 at 9.)

18  Judge Du rejected defendants' argument that inmate motions to amend under Rule 15 should not

19  be subject to LR 7-2's requirement of responsive memoranda. The court also confirmed that the

20  procedures of Fed. R. Civ. P. 15 should be utilized with respect to the proposed amended complaint.

21  Rule 15, of course, sets forth the process for amending pleadings which contemplates the filing of a

22  responsive memorandum. Judge Du's order stated that:

23
24  Applying the Supreme Court's logic here, the Court cannot construe § 1915A to abrogate
    Rule 15's application to Plaintiff's proposed amended complaint. The Court screened
    Plaintiff's initial Complaint and permitted two claims to proceed. * * * The Court is not
25  compelled under 28 U.S.C. § 1915A(a) to re-screen Plaintiff's proposed amended
    complaint. Instead, Rule 15 governs Plaintiff's proposed amended pleading, and
26  Defendants have the opportunity to oppose amendment.

27  (*Olausen*, Doc. #96 at 6.)

28  ///

9

LR 7-2 provides the procedure for addressing motions, including motions to amend under Rule 15 of the Federal Rules.  In that respect, Judge Du further stated as follows:

> Defendants suggest that in the absence of mandatory screening by the Court, "an inmate could raise a PLRA claim, undergo screening once, then amend his complaint as a matter of course to include a myriad of other unrelated legal claims and other named defendants, and avoid further screening entirely (lest the Court elect screening)." (Dkt. no. 91 at 7.) However, a plaintiff would be permitted to amend "as a matter of course" only if the opposing party chooses not to oppose amendment. Defendants recognize they have a right to oppose Plaintiff's Motion to Amend. (*Id*. at 3.) Indeed, in denying Defendants' motion to stay, the Magistrate Judge extended the deadline for Defendants' opposition to Plaintiff's Motion to Amend. (Dkt. no. 89.) Once opposed, Plaintiff's Motion to Amend and his proposed amended complaint would be reviewed under Fed. R. Civ. P. 15.

(*Olausen*, Doc. # 96 at 7-8.)

Under Rule 15 and this court's order (Doc. # 41), Defendants had the opportunity in this matter to oppose Plaintiff's amendment.  Defendants, however, chose to waive the opportunity to do so (Doc. # 43 at 7), instead insisting the court must screen the proposed second amended complaint. (*Id*., at 6.) In the interests of judicial economy and expediency, this court directed the Defendants, if and when Plaintiff filed a proper motion to amend, to address in a responsive memorandum Plaintiff's proposed second amended complaint.  This court's order stated:

> Although the issue is not presently before the court, if Plaintiff does re-submit a properly supported motion to amend, the Defendants should voice any substantive opposition they may have in relation to the proposed amendments and whether the amendment cures any of the deficiencies of the First Amended Complaint which Defendants have argued in their motion to dismiss so the court can consider all of the issues in a unified fashion.

(Doc. # 41 at 3, n. 4.)

As discussed above, Defendants chose not to do so.  Had the Defendants submitted Points and Authorities relative to the motion to amend, the court could have simultaneously addressed Defendants' contentions in their motion to dismiss (Doc. # 34) that Counts I and II of the amended complaint and the substantially similar allegations of the proposed second amended complaint fail to state a viable constitutional claim.

This court does not embrace Defendants' interpretation of the Federal and Local Rules with respect to amendment of pleadings. When a motion to amend a complaint is filed, the court expects a response to be filed, as did Judge Du in *Olausen* (Doc. # 96 at 9); and Judge Cooke did earlier in *Olausen* (Docs. # 86 at 2, # 89 at 2, and # 100); and as this court did in this matter (Doc. # 41 at 3).

1    There would be no utility in screening the proposed second amended complaint without the

2  Defendants' input on whether it set forth viable constitutional claims. If the proposed second amended

3  complaint was infirm, then amendment would be futile and a motion to amend should be denied.

4  *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988); *Steckman v. Hart Brewing, Inc.*, 143

5  F.3d 1293, 1298 (9th Cir. 1998). Additionally, judicial economy would be  promoted by addressing all

6  of the issues simultaneously. It would not be promoted, however, by requiring the court to undertake a

7  screening of Plaintiff's proposed second amended complaint, only to have Defendants thereupon likely

8  file a motion to dismiss (on the same Rule 12(b)(6) grounds on which the complaint would be screened),

9  as Defendants have already done in this action. (Doc. # 34.)[9]

10    This court again recognizes that Defendants' argument in this matter is apparently based on the

11  concept of mandatory screening of <u>pre</u>-answer amendments as opposed to those filed <u>post</u>-answer. But

12  as this court's analysis above reflects, the court fails to see any meaningful distinction as to whether a

13  defendant had answered or filed a motion to dismiss, as in *Olausen* (Doc. # 31), or as in the instant

14  matter (Doc. # 34).  Both cases (*Olausen* and *Mwanza*) went through early screening. Both cases went

15  through an unsuccessful early mediation conference and were thereafter directed to proceed. In both

16  cases, a motion for mandatory screening by defendants followed the filing of the initial complaint by

17  approximately 13-14 months. Whether the formality of the intermediate filing of an answer should be

18

---

19        [9] As outlined above, Count III carries over from the first amended complaint. Count III both survived screening and
20  was not the subject of Defendants' motion to dismiss. Count IV in the first amended complaint was abandoned by Plaintiff
     in his response to Defendants' motion to dismiss (Doc. # 36 at 24) and, as noted earlier herein, is not included in his proposed
     second amended complaint.
21        Counts I and II in the first amended complaint were the subject of Defendants' motion to dismiss. (Doc. # 34.)
22  Defendants' motion argued Plaintiff's first amended complaint failed to state a claim on which relief could be granted, i.e.,
     the Rule 12(b)(6) standard. This was the same standard, however, utilized by District Judge Du when screening the first
     amended complaint. (Doc. # 18 at 2.) The screening order allowed these two causes of action to proceed.
23        The distinction between the allegations in these two counts appearing in the first amended complaint and the
     proposed second amended complaint appear nominal. No new parties are added. As Defendants characterized the revisions
24  Plaintiff seeks to effect in Counts I and II, Plaintiff has only added a few new allegations pertinent to Counts I and II. (Doc.
     # 43 at 5.) A screening of Plaintiff's proposed second amended complaint, in the absence of any substantive input from
25  Defendants, would likely result in the same outcome as with the screening of the first amended complaint.
          With such minor changes being made, even if this court were to screen the proposed second amended complaint,
26  it would be incongruous for this court to essentially overrule Judge Du's earlier determination that Plaintiff's claims in
     Count I "shall proceed against Defendants Panozzo, Hunt, Nevens and Foster" (Doc. # 18 at 6) and Plaintiff's claims in
27  Count II "shall proceed against Defendants Sandoval, Oxborrow, Bothe, Gittere, Baker and Foster." (*Id* at 8.) If Plaintiff had
     made substantive changes in his allegations in Counts I and II, the court might have to scrutinize Plaintiff's motion to amend
28  and proposed second amended complaint more closely, perhaps via discretionary screening.

1   determinative as to whether a proposed amended complaint must be screened, in this court's viewpoint,

2   is not a compelling argument.

3       This court embraces the view enunciated by Judges Du and Cooke that screenings of proposed

4   amended complaints (with the exception of complaints which were amended as a result of the initial

5   screening order's dismissal of a complaint with leave to amend) would be determined "on a case-by-case

6   basis." (*Olausen*, Doc. # 96 at 8; Doc. # 89 at 1.)[10] Screenings under circumstances such as is presented

7   by the instant matter should be considered discretionary, not mandatory.

8       Defendants' motion for mandatory screening (Doc. # 43) is **DENIED.**

9

10                              **DOC. # 42**
                    **PLAINTIFF'S MOTION TO AMEND**

11      As discussed above, when denying Plaintiff's initial motion to amend (Doc. # 41), the court

12   stated that if Plaintiff filed a properly supported motion to amend, the court would not re-screen

13   Plaintiff's second amended complaint and instructed Defendants to respond to Plaintiff's motion. The

14   Defendants waived their right to respond. (Doc. # 43 at 7.)  This court, therefore, could deem Plaintiff's

15   motion as unopposed and grant Plaintiff's motion accordingly. LR 7-2(d). However, the court will

16   briefly address Plaintiff's motion for leave to file a second amended complaint.

17      Fed. R. Civ. P. 15(a)(2) provides that the district court "should freely give leave [to amend] when

18   justice so requires." The Ninth Circuit has instructed that federal courts balance five factors when

19   considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4)

20   the possible futility of the proposed amendment; and (5) whether Plaintiff has previously amended his

21   complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

22      Although Defendants chose not to file an opposition to Plaintiff's motion to amend, their motion

23   for screening does not argue Plaintiff's motion reflects any bad faith on Plaintiff's part or, more

24   importantly, that any prejudice would befall Defendants by the amendment. (Doc. # 43.) Defendants

25   assert a timeliness argument, but only in the context of whether Plaintiff was entitled as a matter of right

26   to amend. (*Id.*, at 5-6.) The court finds there is no undue delay as to Plaintiff's proposed amendment, nor

27

28          [10] In fact, Judge Cooke later elected to re-screen Plaintiff's proposed amended complaint. *Olausen*, Doc. # 108.

1  any prejudice to Defendants, even though Plaintiff has previously amended his action. (Doc. # 18.)[11]

2       Because Judge Du allowed the first amended complaint to proceed, and because the proposed

3  second amended complaint contains only "a few new allegations pertinent to Counts I and II" and

4  reasserted the viable claims of Count III, the court finds the amendment proposed in the second amended

5  complaint would not be futile nor in bad faith. The court **GRANTS** Plaintiff's motion to amend (Doc.

6  # 42.).  Plaintiff's request to add pages is **DENIED AS MOOT** as the court is allowing filing of Doc.

7  # 42-1 in its entirety.

8                      **CONCLUSION**

9       Defendants' motion for mandatory screening (Doc. # 43) is **DENIED.**  Plaintiff's motion to

10  amend (Doc. # 42) is **GRANTED.**  The Clerk shall detach Plaintiff's second amended complaint (Doc.

11  # 42-1) from the motion and file the same next in order.  Defendants shall have **twenty (20) days** to

12  respond to the second amended complaint. Because the filing of the second amended complaint

13  supersedes the first amended complaint, Defendants' motion to dismiss (Doc. # 34) is **DENIED AS**

14  **MOOT.**

15  **IT IS SO ORDERED.**

16  DATED:  September 1, 2015.

17                            _William G. Cobb_

18                            WILLIAM G. COBB
                          UNITED STATES MAGISTRATE JUDGE

---

[11] No scheduling order has yet been entered in this matter nor is there any deadline for filing dispositive motions.