**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TACUMA J. MWANZA. | ) | 3:14-cv-00331-MMD-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FOSTER, et al., | ) | **Re: ECF No. 55** |
| Defendants. | ) | |

Plaintiff previously sought an order of this court allowing him to serve Defendant Bothe by publication due to the U.S. Marshal's inability to serve Defendant personally. When the court addressed Plaintiff's motion for service on Defendant Bothe by publication (ECF No. 52),[1] and Defendants' limited response (ECF No.53), the essential issue was if the court were to allow service by publication, in what newspaper should Plaintiff's notice be published. (ECF No. 54.) The court noted that without knowing where the Defendant resides or last resided, a party seeking to serve a summons and complaint by publication cannot properly identify a newspaper in which to publish that notice. (*Id*., at 3.) The court therefore instructed counsel for Defendants to file a notice listing the county/counties of the last known residence of Defendant Bothe. The court's Order also provided that if counsel for Defendants contended that such notice would present any security concerns for Defendant Bothe, Defendants should lodge a request for reconsideration of that notice requirement. (*Id*.)

Now before the court is Defendants' Request for Reconsideration of Notice Divulging Last Known County of Defendant L. Bothe. (ECF No. 55.) Defendants' counsel recognizes that this court has

---

[1] Refers to court's Electronic Case Filing number.

to balance a former correctional officer's residential security concerns with Plaintiff's ability to properly serve a party defendant against whom an action has been allowed to proceed. (ECF No. 55 at 5-6.)[2] Defendants' counsel states:

> If the Magistrate Judge does still deem service of process by publication appropriate, notwithstanding the reservations expressed herein, Defense counsel would likely have little issue with disclosing the county of a former employee to effectuate service of process by publication to whatever third party newspaper is appropriate (and paid for performing such service). That third party could then file proof of such service under seal with this Court, notifying the Parties of its completion.

(ECF No. 55 at 6.)[3]

Cognizant that the Federal Rules of Civil Procedure call for a dismissal of an action if not served within 120 days, the court concludes Plaintiff should at least be given an opportunity to serve Defendant Bothe by publication (inasmuch as discussed above it appears the U.S. Marshal could not effect personal service on Bothe. (ECF No. 38).) Therefore, by **December 1, 2015,** Defendants counsel shall file a notice addressing (1) what efforts counsel has undertaken to track down a current last known address for Defendant Bothe and that the most accurate address for the defendant is that appearing in ECF No. 28, and (2) disclose the county of Bothe's last known address. Plaintiff shall thereafter have until **December 31, 2015**, to file a renewed motion for service by publication which motion shall include the affidavit of due diligence required by Nev. R. Civ. P. 4(e)(1), and shall (1) advise the court the proposed newspaper of general circulation in which Plaintiff intends to publish the summons and complaint, and (2) how Plaintiff intends to satisfy the costs of publication. (See, Order, ECF No. 54, at 2-3.)[4]

**IT IS SO ORDERED.**

DATED: November 24, 2015.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Defendants have a pending motion to dismiss Plaintiff's amended complaint (ECF No. 48), at the present time, the allegations against Defendant Bothe have been allowed to proceed. (See, ECF Nos. 18, 44.) Whether a party may serve a named Defendant, by publication otherwise, is an issue separate from whether a motion to dismiss might lie against that party.

[3] The court appreciates counsel's recognition of the balancing of interests the court must undertake.

[4] The court does not understand the suggestion of Defendants' counsel that "the third party [newspaper] could then file proof of such service, under seal with this court notifying the parties of its completion." (ECF No. 55 at 6; emphasis added.) If the summons and complaint are published to the public, the court fails to perceive any reason proof of service "under seal" need be filed.

2