UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TACUMA J. MWANZA, | Case No. 3:14-cv-00331-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 64 |
| DEPUTY DIRECTOR FOSTER, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion to Dismiss Defendant L. Bothe from Count II if it Would Not Cause Prejudice to this Plaintiff. (Electronic Case Filing (ECF) No. 64.) Defendants have filed a response (ECF No. 65), and Plaintiff filed a reply (ECF No. 67). Defendants then filed a response to Plaintiff's reply. (ECF No. 68.) Plaintiff filed an objection/reply to this document (ECF No. 69), to which Defendants also responded (ECF No. 70).

In his motion, he seeks to dismiss defendant Bothe from Count II if it would not cause him prejudice. (ECF No. 64 at 1.)

Insofar as Plaintiff seeks dismissal of defendant Bothe without prejudice, his motion is **DENIED AS MOOT** as the court has already dismissed defendant Bothe without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 66.)

Plaintiff's motion also states that he would like to submit an attachment as Exhibit H. (*See* ECF No. 64 at 3-4.) He asserts that this document reflects that Warden Renee Baker signed a restoration recommendation of good-time credit on November 19, 2015. (*Id*. at 4.) The document reflects that in grievance # 2006-29-62012, Warden Neven reduced Plaintiff's loss of statutory good-time credits to ninety days and reduced the disciplinary segregation time to twelve months. (*Id*. at 7.)

1    In their response to the motion, Defendants state: "Plaintiff's November 18, 2015 *Statutory Forfeiture/Restoration Referral Report* (Doc. # 64 at 7) may indeed obviate the *Heck*-Bar in this civil action." (ECF No. 65 at 6:17-18.) They assert, however, that they argued in their motion to dismiss that Plaintiff nevertheless fails to state a liberty interest in his Second Amended Complaint, and thus Count II is still subject to dismissal. (ECF No. 65 at 6.) Defendants further state that they leave it to the Court's discretion as to whether it should consider the statutory forfeiture/restoration referral report. (*Id*. at 7.)

Plaintiff then filed a document he titled as a "Reply to the Defendant's Pleading." (ECF No. 67.) It states that it is a reply to the document Defendants' filed on February 16, 2016.(*Id*. at 1.) Defendants did not file any document on February 16, 2016, but filed their response to Plaintiff's motion to dismiss Bothe on February 11, 2016, which Plaintiff may have received on February 16, 2011. The reply brief filed by Plaintiff, is characterized as a response to Defendants' statements concerning Count II in ECF No. 65. In this document, however, Plaintiff asserts additional arguments as to why his Second Amended Complaint implicates a protected liberty interest. He attaches the defense response to his petition for writ of habeas corpus in state court which addresses the deprivation of the ninety days of good-time credit referenced in this action, where the defense acknowledges that the prison has corrected his time served to reflect restoration of the ninety days in good-time credits, and states that he only had to serve twelve months in disciplinary segregation and not the full eighteen months. (ECF No. 67 at 7.)

Defendants then filed a response to Plaintiff's reply. (ECF No. 68.) In this document, Defendants argue that Plaintiff's filing (ECF No. 67) is really a sur-reply, which Plaintiff should have requested leave to file. (*Id*.) Defendants argue that the court should either strike the document or let it into the record as a sur-reply, in its discretion. (*Id*. at 3.) If the court allows it as a sur-reply, Defendants request an opportunity to respond. (*Id*.)

In yet another filing (ECF No. 69), Plaintiff argues that he submitted the reply in a good faith effort to show the court of the action taken by the Attorney General's Office with respect to Plaintiff's habeas petition, where it is acknowledged that the ninety days of good-time credits

1  were restored to Plaintiff. (*Id*. at 2.) Plaintiff asserts that his "reply" should not be considered a
2  sur-reply, without notifying Plaintiff of the intent to do so. (*Id*. at 3.)
3        Defendants, in turn, have filed a response to this filing. (ECF No. 70.) Defendants again
4  argue that the initial filing they characterized as a sur-reply is still a sur-reply, filed without leave
5  of court. They further assert that the most recent filing by Plaintiff (ECF No. 69) is a "sur-sur-sur
6  reply" filed without leave of court.
7        The court has read all of the documentation filed. The court need not construe the filings
8  as sur-replies as they have do not have a direct impact on the court's analysis of Defendants'
9  motion to dismiss. The court also declines to strike the documents and will leave them as part of
10 the record. In the event Plaintiff wants to utilize the documents in connection with any
11 dispositive motions or at trial, he may seek to do so that the relevant time.
12       This should render **MOOT** Plaintiff's "opposition/reply and opposition" (ECF No. 69)
13 which the Clerk's office has characterized as a motion.

**IT IS SO ORDERED**.
Dated: April 28, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE