UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TACUMA J. M'WANZA,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>DEPUTY DIRECTOR FOSTER, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:14-cv-00331-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

Before the Court is Defendants' Objections to Magistrate Judge's Order re: Doc ## 34, 42, 43 (ECF No. 47) ("September Objection"). Also before the Court is Defendants' Objection to Report & Recommendation ("R&R") of U.S. Magistrate Judge (ECF No. 73) ("May Objection") to which Plaintiff has filed a response (ECF No. 74). For the reasons stated below, the Court finds that the issues raised in the September Objection are moot and the Court overrules the May Objection.

**II.　BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events giving rise to this action occurred while Plaintiff was housed at High Desert State Prison ("HDSP") and Ely State Prison ("ESP"). (ECF No. 45.) The relevant factual background is recited in the Magistrate Judge's R&R, which the Court adopts.

**III.　SEPTEMBER OBJECTION**

On September 1, 2015, Magistrate Judge Cobb denied Defendants' motion for mandatory screening (ECF No. 43), granted Plaintiff's motion to amend (ECF No. 42)

and denied as moot Defendants' motion to dismiss (ECF No. 34). (ECF No. 44.) Defendants argue that the Court is compelled to screen Plaintiff's Second Amended Complaint ("SAC") pursuant to this Court's decision in *Olausen v. Murguia,* No. 3:13-cv-00388-MMD-VPC (D. Nev. Nov. 12, 2014) and 42 U.S.C. § 1997e(g). (ECF No. 47 at 13-17.) They also assert that the Court should have denied Plaintiff's motion to amend because Plaintiff essentially fails to state a claim in counts I and II. (*Id.* at 13-23.) However, in the R&R, the Magistrate Judge addressed Defendants' arguments, raised in a subsequent motion to dismiss counts I and II of the SAC. (ECF No. 72.) Thus, the issues raised in Defendants' September Objection are rendered moot by the subsequent R&R to which Defendants object. Accordingly, the Court overrules Defendants' May Objection as moot.

## IV.  MAY OBJECTION

### A.  Legal Standard

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district

courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

**B.    Analysis**

The Magistrate Judge recommends granting Defendants' motion to dismiss count I with prejudice and denying Defendants' motion as to count II. (ECF No. 73.) Defendants object only as to the Magistrate Judge's recommendation to deny dismissal based on the finding that count II states a colorable due process claim. The Court adopts the parts of the R&R that are not objected to, *see Thomas*, 474 U.S. at 149, and addresses Defendants' objection. While the Court adopts the Magistrate Judge's recommendation to dismiss count I, the Court will address the recommendation in light of Defendants' argument that the same ground supports dismissal of both counts I and II.

The Magistrate Judge offered the following reason to support the recommendation to dismiss count I:

> [T]he court likewise finds that the allegations concerning the conditions in disciplinary segregation, which are essentially the same as those alleged in *Mizzoni*, do not rise to the level of an atypical and significant hardship. While there are differences between general population and disciplinary segregation, that is to be expected because after all, disciplinary segregation is imposed as a punishing sanction. The conditions described, however, do not present a major departure from those in general population or the sort of departure that courts have recognized as implicating a liberty interest. is premised on the finding that "the allegations concerning the conditions in disciplinary segregation, which are essentially the same as those alleged in *Mizzoni*, do not rise to the level of an atypical and significant hardship."[1]

(ECF No. 72 at 12.) The Court agrees with the Magistrate Judge's findings as they relate to Plaintiff's claim. This is not to suggest that count I should not have survived 28 U.S.C.

///

---

[1] In *Mizzoni v. State of Nevada*, 3:11-cv-00186-LRH-WGC, the court found that the differences between general population and disciplinary segregation at ESP did not amount to "atypical and significant hardship." (*Id.*, ECF Nos. 78, 85.)

3

§ 1915A screening. In fact, the Court permitted both counts I and II in the first amended complaint to proceed. (ECF No. 18 at 3-8.)

In the May Objection, Defendants contend that the Magistrate Judge "found that at-law it had already been determined that the very conditions Plaintiff was complaining about here . . . did not amount to a liberty interest[.]" (ECF No. 73 at 7.) Defendants' argument appears to suggest that the R&R finds that as a matter of law, an inmate at ESP cannot demonstrate a deprivation of liberty interest because of *Mizzoni.* The Court finds that the R&R does not make such a sweeping conclusion. Moreover, to the extent the R&R's recommendation with respect to count I implicitly reasons that a plaintiff can never state a colorable due process claim that arises while the plaintiff is housed at ESP, or any other NDOC facilities, because the differences between general population and disciplinary segregation at ESP do not rise to the required "atypical and significant hardship," the Court rejects such reasoning. The Supreme Court in *Sandin v. Conner,* 515 U.S. 472 (1995), established a three-factor test for determining if the plaintiff possesses a liberty interest. As the Ninth Circuit has reiterated, "[w]hat less egregious condition or combination of conditions or factors would meet the test requires a case by case, fact by fact consideration." *Jackson v. Carey,* 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996)). Thus, the question of whether material differences between general population and disciplinary segregation amount to "atypical and significant hardship" is a fact intensive inquiry.

In considering Defendants' motion to dismiss count I, the Magistrate Judge engaged in this individualized inquiry and found that the differences based on Plaintiff's allegations and accepting them as true, do not rise to the level of the required "atypical and significant hardship" to survive dismissal. The Court agrees with this analysis. Another inmate either at ESP or at a different NDOC facility may allege sufficient facts to survive a Rule 12(b)(6) motion.

The Magistrate Judge found that count II, unlike count I, survives dismissal because Plaintiff alleges in count II that he was forced to spend an additional six months

4

in disciplinary segregation as a result of Defendants' failure to honor Warden Neven's modification of his sanctions by reducing his segregation time from eighteen months to twelve months. (ECF No. 72 at 13-14.) In reaching this conclusion, Judge Cobb relies on *Jackson,* 353 F.3d 750.

*Jackson* involved an inmate, Charles R. Jackson, housed at the California Correctional Institute in Tehachapi who had been removed from general population and placed in administrative segregation pending a disciplinary hearing on a rule violation. *Jackson,* 353 F.3d at 753. As a result of the rule violation, Jackson was assessed a one year Security Housing Unit ("SHU") term. (*Id.*) Jackson's appeal was granted and finally signed on the same day that he was informed his name was on a transfer list to Cocoran-SHU. (*Id.*) Jackson was unsuccessful in stopping the transfer even though he filed another appeal, and as a result, he spent about five months in the SHU. (*Id.* at 754.) Jackson alleged that California state prisons system's three custody levels — general population, administration segregation and the SHU — are significantly different and alleged why each level is materially different from the other. (*Id.* at 755.) The Ninth Circuit found that accepting Jackson's allegations as true, including Jackson's allegations that his segregation in the SHU pending his disciplinary hearing was materially different than the conditions imposed on inmates in discretionary segregation and that he successfully appealed his sentence to the SHU before the transfer, Jackson states a claim for due process violation. (*Id.* at 755-66.) In reaching this finding, the court distinguished Jackson's situation from "cases where prison confined inmates *pending* a disciplinary hearing, not after a disciplinary hearing and successful appeal as in Jackson's case." (*Id.* at 756.) The court thus concluded:

> The present inquiry is better suited for summary judgment. After discovery, the district court may determine whether the transfer and confinement in Corcoran–SHU after a disciplinary hearing sentence has been ordered reissued and reheard constitutes an "atypical and significant hardship," thus infringing upon a protected liberty interest under *Sandin.*[2]

---

[2] The Court cites to *Sandin,* 515 U.S. 472, and distinguished Jackson's situation from the inmate in *Sandin* who "was sentenced after a hearing to thirty-day's disciplinary segregation in the SHU and had served his thirty-day sentence before the deputy
*(fn. cont...)*

*Jackson,* 353 F.3d at 757.

Similarly here, Plaintiff alleges in count II that he spent an additional six months in disciplinary segregation after his sanctions had been modified. The Court agrees with the Magistrate Judge that Plaintiff's allegations in count II are sufficient to show that his change in conditions of confinement amounted to an "atypical and significant hardship."

In the May Objection, Defendants focus on the differences between conditions of confinement in general population and disciplinary segregation at ESP in arguing that Plaintiff cannot demonstrate any deprivation of liberty interest, and they fail to see the Magistrate Judge's distinction between counts I and II. However, as the *Jackson* court found, "atypical and significant hardship" involves more than just a comparison of differences in general population and disciplinary segregation.

As in *Jackson,* Plaintiff has alleged sufficient facts in count II to survive dismissal. The Court will therefore adopt the R&R and overrules Defendants' objection.

**V.   CONCLUSION**

It is therefore ordered that Defendants' objection (ECF No. 47) is overruled as moot.

It is further ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 72) is accepted and adopted in full. Defendants' motion to dismiss (ECF No. 48) is granted in part and denied in part. It is granted with respect to count I, and is denied as to the remainder. Count I is dismissed with prejudice.

DATED THIS 28th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

*(…fn. cont.)*
administrator found the midsconduct charge unsupported and expunged the inmate's disciplinary record." *Jackson,* 353 F.3d at 756.