# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TACUMA J. M'WANZA,

    Plaintiff,

vs.

DEPUTY DIRECTOR FOSTER, *et al.*,

    Defendants.

3:14-cv-00331-MMD-WGC

**ORDER**

Re: ECF No. 103

Before the court is Defendants' Motion to Strike the Affidavit of Kenny Richard. (ECF Nos. 103, 103-1 to 103-7.) Plaintiff has not filed a response.[1]

Defendants filed their motion for summary judgment on March 16, 2017. (ECF Nos. 86, 86-1 to 86-13.) Plaintiff filed his response on April 17, 2017. (ECF No. 92.)

Defendants then sought an extension of time to file their reply brief. (ECF No. 95.) The court granted this motion, ordering the reply brief to be filed by May 4, 2017. (ECF No. 96.) Defendants never filed a reply brief.

On May 22, 2017, Plaintiff filed a request for leave to submit the affidavit of Kenny Richard[2] as an exhibit to his response to the pending dispositive motion. (ECF Nos. 100, 100-1.) The court granted

---

[1] Local Rule 7-2(d) provides that the failure to file a response to a motion constitutes consent to grant the motion; however, this does not apply to a response to a motion filed under Rule 56. Defendants move to strike a document filed in connection with a response to a motion for summary judgment; therefore, the court will not apply Local Rule 7-2(d), and will consider the merits of the motion to strike.

[2] According to Defendants, the inmate's correct name is Richard R. Kenny, although they acknowledge that the inmate "inconsistently interchanges his surname with his given name." (ECF No. 103 at 2 n. 2.) The court will refer to him as Mr. Richard, since that is how he is identified in Plaintiff's motion and the affidavit.

the request. (ECF No. 101.)

The affidavit provides a description of events in October of 2013, which corroborate Plaintiff's version of events supporting his Fourth Amendment claim in Count III of his Second Amended Complaint. (ECF No. 100-1.)

In addition to not filing a reply brief in support of their dispositive motion, Defendants did not seek reconsideration of the court's order granting Plaintiff leave to file the affidavit of Mr. Richard. Instead, they waited three months and filed a motion to strike the affidavit on August 29, 2017. (ECF Nos. 103, 103-1 to 103-7.)

Defense counsel asserts that after the motion for leave and the affidavit were reviewed, counsel questioned the authenticity of the affidavit and its veracity because the handwriting resembles Plaintiff's, and the signature on the affidavit does not match the signature provided by Mr. Richard in other documentation submitted within the prison. Defense counsel attempted to schedule a telephone conference with the inmate, but Mr. Richard refused to participate. Defendants state they are not handwriting analysts and cannot confirm whether Plaintiff or Mr. Richard signed the affidavit, and did not have a procedural vehicle to question Mr. Richard about its authenticity because Plaintiff did not identify him as a witness. Therefore, Defendants ask the court to strike the affidavit on the grounds that it appears to be forged and because it was submitted after briefing was closed. Alternatively, Defendants request the court to conduct an evidentiary hearing requiring Plaintiff to establish the affidavit's authenticity.

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and

1 regulate insubordinate...conduct." *Id.* (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

Insofar as Defendants ask the court to strike the affidavit because it was submitted after briefing on the motion for summary judgment was closed, Defendants' motion is denied. As indicated above, Defendants were granted an extension of time to file their reply brief, but did not do so. Shortly after the deadline to file the reply brief passed, Plaintiff sought leave of court to file Mr. Richard's affidavit. The court granted the motion. While discouraged, this is permissible under Local Rule 7-2(b). Their claim that the filing after briefing was closed somehow prejudiced them is belied by the fact that they waited three months to move to strike the affidavit.

As to the second ground asserted for striking the affidavit, the court agrees that the signature on the affidavit (ECF No. 100-1 at 2) does not match the signature of Mr. Richard on other documents submitted to NDOC (*see* ECF Nos. 103-2 at 2, 103-3 at 2, 103-4 at 2). The court, however, is also not a handwriting analyst or expert and cannot determine whether it is Plaintiff's handwriting, Mr. Richard's or someone else's. Defendants assert that the handwriting resembles Plaintiff's in earlier filings, pointing to ECF No. 12 at 5, but upon comparing the handwriting in the affidavit with Plaintiff's handwriting there, the court does not perceive the resemblance. On this record, the court cannot determine that the affidavit should be stricken.

The court declines to conduct an evidentiary hearing on this issue because the court does not need to rely on the affidavit in connection with its determination of Defendants' motion for summary judgment. If Plaintiff attempts to present the affidavit as an exhibit at trial, Defendants will have an opportunity to contest its authenticity.

Therefore, Defendants' Motion to Strike (ECF No. 103) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 19, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3